UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EVEREST REINSURANCE COMPANY, a
New Jersey corporation,

        Plaintiff,

vs.

AMERICAN GUARD SERVICES, INC.,
a California corporation, and RAMONA
LIGON,

        Defendants.

CASE NO.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, EVEREST REINSURANCE COMPANY ("Everest"), sues Defendants, AMERICAN GUARD SERVICES, INC. ("AGS") and RAMONA LIGON ("Ligon"), for declaratory relief as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of present actual controversy between the parties over the interpretation of an insurance policy and the applicability of insurance coverage for a pending lawsuit filed by Ligon against AGS and others.

## THE PARTIES

2. Everest is an insurance company organized under the laws of the state of New Jersey and maintains its principal place of business in New Jersey.

3. AGS is incorporated under the laws of the state of California and maintains its principal place of business in California.

4. Ligon is a citizen of the state of Texas, and her permanent residence is located in Texas.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over the subject matter of this civil action under 28 U.S.C. § 1332(a)(1) because (a) Everest is a citizen of a different state that each of the Defendants and (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because: 1) Everest, as insurer of AGS, is affording AGS a defense under its insurance policy for an underlying lawsuit proceeding in this district; and, 2) by this action, Everest is asking this court to construe its insurance policy in relation to the facts, claims and causes of action alleged in that underlying lawsuit.

## FACTS

7. Ligon has filed a lawsuit against AGS, and others, in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida captioned, *Ramona Ligon v. American Guard Services, Inc., NCL (Bahamas) Ltd., and NCL America, LLC,* case number 12-12165 CA 24 (the "Underlying Action"). A copy of the complaints filed in the Underlying Action are attached hereto as Exhibit "A". The present operative complaint is the 2nd Amended Complaint and Jury Demand (the "Underlying Complaint").

8. In the Underlying Complaint, Ligon alleges, in pertinent part, that Ligon was employed by AGS as a crewmember of the vessel "Pride of America"; and that she suffered injuries on May 22, 2011 while working on the vessel.

9. In the Underlying Complaint, Ligon asserts three counts against AGS: (1) Jones Act negligence, (2) failure to provide maintenance and cure under the General Maritime Law of

the United States, and (3) failure to provide prompt, proper and adequate medical care under the Jones Act.

10. Ligon is also pursuing worker's compensation benefits from AGS in Hawaii.

## **POLICY PROVISIONS**

11. On May 22, 2011, the alleged date of Ligon's injury, AGS was insured by Everest under insurance policy number 5300001531111, effective from March 16, 2011 to March 16, 2012. ("Policy"). A copy of the Policy is attached hereto as Exhibit "B".

12. The Policy was issued and delivered to AGS in the state of California.

13. The Policy contains the following provisions:

**PART II – EMPLOYERS LIABILITY INSURANCE**

A.   **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3. Bodily injury by accident must occur during the policy period.
4. Bodily injury by disease must be caused or aggravated by the conditions of your employment…
5. If you are sued, the original suit and related legal actions for damages for bodily injury by disease must be brought in the United States of America, its territories, or Canada.

B.   **We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by the Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

3

1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
2. for care and loss of services; and
3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;…
4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. **Exclusions**

This insurance does not cover:

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of the law.

4. any obligation imposed by a workers compensation, occupational disease, employment compensation, or disability benefits law, or any similar law;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942) and any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws.

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course and scope of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel.

11. fines or penalties imposed for violation of federal or state law.

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

15074477v1 0973637

> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

14. The Policy may contain different or additional provisions not included herein which may serve to further limit or preclude coverage in whole or in part for the claims asserted in the Underlying Action.

15. Subject to the terms and conditions of the Policy, Everest is providing a defense under a reservation of rights to AGS in the Underlying Action.

## COUNT I
## DECLARATORY JUDGMENT
## NO DUTY TO DEFEND AGS

16. Everest repeats and re-alleges Paragraphs 7 through 15 as if fully set forth herein.

17. Everest has no duty to defend AGS in the Underlying Action because the Policy does not afford or potentially afford insurance coverage for the allegations by Ligon against AGS in the Underlying Complaint.

18. Pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, this Court has the right and power to declare the rights and liabilities of the parties and to give such other and further relief as may be necessary.

Wherefore, Plaintiff, EVEREST REINSURANCE COMPANY, respectfully requests that the Court take jurisdiction of this matter and:

(1) determine and declare that Everest has no duty to defend AGS in the Underlying Action filed by Ligon;

(2) determine and declare that Everest is entitled to recover from AGS all attorneys' fees and costs it has incurred in defending it in the Underlying Action; and

(3) award Everest such other and further relief as this Court may deem proper.

## COUNT II
## DECLARATORY JUDGMENT
## NO DUTY TO INDEMNIFY AGS

19.     Everest repeats and re-alleges Paragraphs 7 through 15 as if fully set forth herein.

20.     Everest's Policy does not afford coverage for the claims and damages asserted by Ligon against AGS in the Underlying Complaint.  Accordingly, Everest has no duty to indemnify AGS with respect to any claims or damages asserted by Ligon in the Underlying Action.

21.     To the extent that Ligon claims punitive damages against AGS, there is no coverage for such claims as a matter of public policy.

22.      Pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, this Court has the right and power to declare the rights and liabilities of the parties and to give such other and further relief as may be necessary.

Wherefore, Plaintiff, EVEREST REINSURANCE COMPANY, respectfully requests that the Court take jurisdiction of this matter and:

(1) determine and declare the Everest has no duty to indemnify AGS in the Underlying Action filed by Ligon; and

(2) award Everest such other and further relief as this Court may deem proper.

## COUNT III
## DECLARATORY JUDGMENT
## LIGON BOUND BY JUDGMENT AGAINST AGS

23.     Everest repeats and re-alleges Paragraphs 4, 7 through 15; and 20 through 21 as if fully set forth herein.

24.     By virtue of Ligon's claims against AGS in the Underlying Action, she is potentially a judgment creditor who can seek covered insurance benefits under the Policy directly from Everest should she prevail on any such claims.

6

25. Ligon is joined as a party to this lawsuit in accordance with *Independent Fire Insurance Company v. Paulekas*, 633 So.2d. 1111 (Fla. 3d DCA 1994).

26. To the extent that Everest owes no duty to indemnify AGS, Ligon is bound by that determination and has no enforceable claim against Everest should she prevail on any of her claims asserted against AGS in the Underlying Action.

Wherefore, Plaintiff, EVEREST REINSURANCE COMPANY, respectfully requests that the Court take jurisdiction of this matter and:

(1) determine and declare that Ligon is bound by any determination that Everest owes no duty to indemnity AGS and is precluded from seeking any insurance benefits from Everest; and

(2) award Everest such other and further relief as this Court may deem proper.

Dated: June 26, 2015.

HINSHAW & CULBERTSON LLP

/s/ *Joseph R. Miele, Jr.*
**JOSEPH R. MIELE, JR**
Florida Bar No.
jmiele@hinshawlaw.com
**JOSEPH V. MANZO**
Florida Bar No. 52309
jmanzo@hinshawlaw.com
2525 Ponce de Leon Blvd. Suite 400
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Everest Reinsurance Company*

15074477v1 0973637