UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22404-KMM

EVEREST REINSURANCE COMPANY,
a New Jersey Corporation,

      Plaintiff,

v.

AMERICAN GUARD SERVICES, INC., a
California Corporation, and RAMONA
LIGON,

      Defendants.

                                         /

## OMNIBUS ORDER

THIS CAUSE is before the Court on Defendant Ramona Ligon's Motion to Dismiss or Stay Counts II and III of the Complaint for Declaratory Relief (ECF No. 18) and Defendant American Guard Services, Inc.'s Motion to Dismiss or Stay the Complaint (ECF No. 29). Both motions have been fully briefed and are ripe for review. For the reasons explained below, the Court now STAYS Counts II and III of the Complaint and DENIES the remainder of the relief sought.

## I.    BACKGROUND

This action for declaratory relief stems from Defendant Ramona Ligon's personal injury lawsuit against Defendant American Guard Services ("AGS") and others, which is currently pending in state court (the "Underlying Liability Action"). Compl. ¶ 7 (ECF No. 1). Plaintiff Everest Reinsurance Company ("Everest") seeks judicial determination that it has neither a duty to defend nor a duty to indemnify AGS in connection with the Underlying Liability Action. *Id.* ¶¶ 18, 22. Everest also seeks a declaration that, to the extent that Everest owes no duty to

indemnify AGS, Ligon is bound by that determination should she prevail against AGS in the Underlying Liability Action.  *Id.* ¶ 26.

Everest's action is based on an insurance policy it issued to AGS for the term of March 16, 2011 to March 16, 2012 (the "Policy").  *Id.* ¶ 11.  While the Policy was in effect, Ligon was employed by AGS and allegedly suffered injuries when she worked aboard the vessel "Pride of America."  *Id.* ¶ 8.  In March 2012, Ligon filed the Underlying Liability Action in state court seeking damages pursuant to the Jones Act and General Maritime Law.  *Id.* ¶ 9, Ex. A.  The Underlying Liability Action is still pending in state court, thus fault and damages have yet to be determined.  *See id.* ¶¶ 7–10.

The Complaint contains three counts. Counts I and II ask this Court to determine that the Policy does not cover Ligon's claims against AGS, and therefore Everest has no duty to defend (Count I) or indemnify (Count II) AGS in the Underlying Liability Action.  *Id.* ¶¶ 16–22.  Count III asks the Court to declare that, should Ligon prevail on any of her claims against AGS in the Underlying Liability Action, she has no enforceable claim against Everest.  *Id.* ¶ 26.

Ligon now moves to dismiss or to stay Counts II and III of the Complaint.  In addition, AGS moves to dismiss the Complaint or stay the action until resolution of the Underlying Liability Action.

## II.    DISCUSSION

In support of her motion, Ligon argues that this Court has discretion to decline jurisdiction over Everest's claims pursuant to the Declaratory Judgment Act.  Similarly, AGS argues that the Court cannot and should not entertain Everest's requests for declaratory relief at

this time as the coverage question at issue turns on facts to be litigated and resolved in the Underlying Liability Action.[1]

### A.  Legal Principles Underlying an Action for Declaratory Judgment

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  The Supreme Court has characterized the Declaratory Judgment Act as an "enabling Act, which confers discretion on the courts rather than an absolute right on the litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).  Indeed, in cases arising under the Declaratory Judgment Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Id.* at 288.

The Act thus requires courts to employ a two part analysis.  First, a court hearing a request for declaratory relief must address the threshold question of whether a justiciable controversy exists.  *Atlanta Gas Light Co. v. Aetna & Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995).  Second, even where jurisdiction is proper, the Court must decide whether, in its

---

[1] AGS argues that California law governs this motion based on its choice of law analysis.  While AGS correctly asserts that state law determines the substantive rights and duties of the parties to an insurance contract in this diversity suit, the question at bar is simply whether this Court can and should entertain Everest's requests for declaratory relief in light of the pending Underlying Liability Action, pursuant to the Declaratory Judgment Act.  *See Feldkamp v. Long Bay Partners, LLC*, No. 2:09-CV-253-FTM29SPC, 2010 WL 3610452, at *4 (M.D. Fla. Sept. 14, 2010) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits . . . . [r]ather it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor.") (citations omitted).  "The Declaratory Judgment Act is procedural in nature," and "federal law determines whether a federal court can and may properly render a declaratory judgment."  *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1310-1311 (S.D. Fla. 2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

discretion, it will hear the case. *Triple R. Paving, Inc. v. Liberty Mut. Ins. Co.*, 510 F. Supp. 2d 1090, 1093 (S.D. Fla. 2007).

> **B.      This Court has Jurisdiction to Hear Everest's Request for Declaratory Relief**

A justiciable question exists where the facts alleged show that there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The party seeking declaratory relief must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future, and that the injury is likely to be redressed by favorable court disposition. *See Atlanta Gas Light Co.*, 68 F.3d at 414 (citations omitted).

Ligon does not dispute that this court has jurisdiction to hear Counts II and III of the Complaint against her. This Court agrees,[2] and further holds that jurisdiction exists over Everest's entire action against AGS. In its Complaint, Everest alleges that the Policy does not afford coverage for the allegations by Ligon against AGS in the Underlying Liability Action. Compl. ¶ 16, 20 (ECF No. 1). The Parties thus have a bona fide dispute over the coverage AGS should receive under the Policy. *See Maryland Cas. Co. v. Smartcop, Inc.*, No. 4:11-CV-10100-KMM, 2012 WL 2675476, at *2 (S.D. Fla. July 6, 2012) (finding a dispute over the insurance contract's coverage satisfies the substantial controversy requirement).

Further, Everest has alleged injuries in the Complaint that call for redress. First, Everest claims that it has already incurred expenses in providing a defense to AGS in the Underlying

---

[2] The Supreme Court has held that "a 'case or controversy' exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured." *Edwards v. Sharkey*, 747 F.2d 684, 685 (11th Cir. 1984) (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)).

Liability Suit.  Compl. ¶ 18 (ECF No. 1).  Second, should Ligon obtain a favorable judgment against AGS in the Underlying Liability Action, Everest alleges that it will be forced to pay monies assessed against AGS—either in the form of indemnification or as direct payment to Ligon—which Everest asserts it has no legal duty to pay out in the first place.  *See generally id.* These injuries would be redressed if this Court declares that Everest owes no duty to AGS or Ligon.  Accordingly, this Court has jurisdiction to hear Everest's claims for declaratory relief.

### C.  This Court Has Discretion to Stay or Dismiss the Action

Even when presented with a justiciable controversy, district courts have "unique and substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings" pursuant to the Declaratory Judgment Act.  *Wilton*, 515 U.S. at 286. This is especially true if some of the questions to be addressed in the declaratory action have or may be raised in the pending state action.  *See Angora Enter.'s, Inc. v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 388 (11th Cir. 1986).  The Eleventh Circuit has advised:

> In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal declination; but they may take into consideration the speculativeness of the situation before them . . . as well as other factors, such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated.

*Id.* at 387 (quoting *Hollis v. Itawamba Cty. Loans*, 657 F.2d 746, 750 (5th Cir. Unit A 1981)). As will be explained below, this Court, in its sound discretion, will retain jurisdiction over all counts, but chooses to address only the duty to defend claim until the Underlying Liability Action is resolved in state court.

As to Count I, the Court notes first that Everest is, at present, providing a service that it claims AGS is not entitled to under the Policy.  Thus with respect to Everest's duty to defend, the situation is not speculative; it is real, present, and continuous.  AGS argues, however, that this

5

action should be stayed or dismissed because the "dispositive issue" in the present case—whether Ligon was indeed a crewmember as the underlying complaint alleges—is a question to be litigated in the Underlying Liability Action.  But Ligon's true employment status is not relevant to the question of Everest's duty to defend.  Under both Florida and California state law, the duty to defend is determined based on the allegations in the underlying complaint and the insurance policy.  *See Smithers Constr., Inc. v. Bituminous Cas. Co.*, 563 F. Supp. 2d 1345, 1348–49 (S.D. Fla. 2008) (holding that under Florida law "[t]he duty to defend must be determined from the allegations in the complaint" and "[t]he insurer must defend even if the allegations in the complaint are factually incorrect or meritless"); *Anthem Electrs, Inc. v. Pac. Empl'rs Ins. Co.*, 302 F.3d 1049 (9th Cir. 2002) (stating that under California law the determination of whether an insurer owes its insured a duty to defend "is usually made in the first instance by comparing the allegations of the complaint with the terms of the policy" and an insurer can avoid its duty to defend only if it can "conclusively negate coverage as a matter of law").  Because the issue of Everest's duty to defend is pressing, and because there is little risk that there will be overlapping questions to be litigated in this action and the Underlying Liability Action, this Court chooses not to stay or dismiss Count I.

The same cannot be said for Counts II and III, which concern the Parties' indemnification rights and duties.  First, Everest will not be forced to indemnify AGS or pay Ligon until Ligon prevails on her claims in the Underlying Liability Action.  Second, unlike the question of an insurer's duty to defend, under both Florida and California law, liability for indemnity derives from factual determinations separate from the allegations in the complaint.  *See Atain Specialty Ins. Co. v. Miami Drywall & Stucco, Inc.*, No. 12-21370-CIV, 2012 WL 3043002, at *2 (S.D. Fla. July 25, 2012) (staying the issue of plaintiff's duty to indemnify as the state court in the

underlying liability suit "could determine that the insured is not liable and therefore there is no need for indemnification, irrespective of a ruling on [p]laintiff's duty to defend"); *Thompson Pac. Constr. Co. v. Am. Int'l Grp., Inc.*, No. 15-CV-01091-WHO, 2015 WL 4127857, at *5 (N.D. Cal. July 8, 2015) (under California law "[t]he obligation to indemnify arises when the insured's underlying liability is established") (citations omitted). For the sake of conserving judicial resources, and because Everest will not suffer injury until AGS's liability to Ligon is determined, this Court finds it appropriate to stay Counts II and III pending resolution of the Underlying Liability Action.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant Ramona Ligon's Motion to Dismiss or Stay Counts II and III (ECF No. 18) is GRANTED IN PART and DENIED IN PART and Defendant American Guard Services, Inc.'s Motion to Dismiss or Stay the Complaint (ECF No. 29) is GRANTED IN PART and DENIED IN PART as follows:

1.  Defendants' motions are DENIED as to Count I of the Complaint. Plaintiff's action for declaratory judgment on the issue of its duty to defend Defendant American Guard Services, Inc. in the Underlying Liability Action will proceed.

2.  Counts II and III of the Complaint are STAYED pending resolution of the Underlying Liability Action.

3.  The Parties shall file a status report with this Court on or before Friday, June 17, 2016, advising the Court the status of the Underlying Liability Action. If the Underlying Liability Action is resolved prior to that date, the Parties shall file a status report with this Court advising of such resolution.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of December, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

8