UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22404-KMM

EVEREST REINSURANCE COMPANY, a
New Jersey Corporation

       Plaintiff,

v.

AMERICAN GUARD SERVICES, INC., a
California Corporation, and RAMONA LIGON,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This Cause is before the Court on Plaintiff Everest Reinsurance Company's ("Everest") Motion for Summary Judgment (ECF No. 47). Defendant American Guard Services, Inc. ("AGS") filed a Response (ECF No. 60) and Everest filed a Reply (ECF NO. 62). For the reasons set forth below, the Motion for Summary Judgment is granted as to Counts I and II of the Complaint.

**I.     BACKGROUND**

Everest brings this declaratory relief action against AGS and Ramona Ligon, seeking judicial determination of Everest's defense and indemnification duties as AGS's insurer. Everest insured AGS under a standard Workers Compensation and Employers Liability Policy (the "AGS Policy"), effective March 16, 2011 to March 16, 2012. *See* Aff. of Thomas G. Carey ¶ 2 (ECF No. 49-1). The AGS Policy includes three parts: Part One: Workers Compensation Insurance; Part Two: Employers Liability Insurance; and Part Three: Other States Insurance. *See generally*, AGS Policy (ECF No. 49-1).

Part One, the Workers Compensation Insurance, provides coverage under which Everest agrees to pay "the benefits required of [the insured] by the workers compensation law" as well as to defend "any claim, proceeding or suit against [the insured] for benefits payable by this insurance." *See* AGS Policy (ECF No. 49-1). Part Two, the Employers' Liability Insurance, provides coverage under which Everest agrees to pay "all sums [the insured] legally must pay as damages because of bodily injury to [the insured's] employees" and to defend "any claim, proceeding or suit against [the insured] for damages payable by this insurance. *Id.* Part Two also contains several exclusions. *Id.*

In June 2011, AGS tendered a workers compensation claim (the "Ligon Claim") based on a workplace accident suffered by Ligon, an employee of AGS, on May 22, 2011 while working aboard the vessel *Pride of America*. *See* Aff. of Janice Monji ¶ 6 (ECF No. 49-2). Following an investigation, Everest accepted coverage of the Ligon Claim under Part One of the AGS Policy. *Id.* ¶ 7. From June 2011 to present, Everest, through its affiliate, has regularly paid workers compensation claim benefits to Ligon on behalf of AGS. *Id.*

On March 28, 2012, Ligon filed the case of *Ramona Ligon v. American Guard Services, Inc. et al.*, against, *inter alia*, AGS, in state court (the "Underlying State Action") based on her May 22, 2011 injuries. *See* Aff. of Thomas G. Carey, Ex. 2 (ECF No. 49-1). The Second Amended Complaint (the "Underlying Complaint") for the Underlying State Action contains three counts against AGS: (1) Jones Act Negligence (Count I); (2) Failure to Provide Maintenance and Cure pursuant to the General Maritime Law of the United States (Count II);

and (3) Failure to Provide Prompt, Proper and Adequate Medical Care Under the Jones Act (Count III). *See generally* Underlying Compl.[1] (ECF No. 1-1).

On April 11, 2012, AGS tendered the defense of the Underlying State Action to Everest. *See* Aff. of Thomas G. Carey ¶ 3 (ECF No. 49-1).  Everest agreed to defend and advance defense costs under a reservation of rights, and is presently defending AGS in the Underlying State Action under Part Two of the AGS Policy.  *Id.* 4, Ex. 3.

On June 26, 2015, Everest filed this declaratory judgment action.  *See* Compl. (ECF No. 1).  In Counts I and II of the Complaint, Everest asks the Court to determine that it has no duty to defend or indemnify AGS in the Underlying State Action.  *Id.*  In Count III of the Complaint Everest seeks a declaration that, to the extent that Everest owes no duty to indemnify AGS, Ligon is bound by that determination should she prevail in the Underlying State Action.  *Id.*

On December 18, 2016, the Court denied AGS and Ligon's motions to dismiss or stay the Complaint as they related to Everest's duty to defend but stayed further proceedings on Counts II and III.  *See* Omnibus Order (ECF No. 42).  Notwithstanding the stay, Everest now moves for summary judgment on all counts.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The material facts are

---

[1] The Court takes judicial notice of the Underlying State Action complaints. *See* Fed. R. Evidence 201.

3

determined by the substantive law applicable to the case, and a genuine issue exists as to those facts when "a reasonable jury could return a verdict for the non-moving party." *Id.*

The moving party bears the initial burden of showing absence of a genuine issue as to all material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries this burden, responsibility shifts to the non-moving party to "show the existence of a genuine issue as to the material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citations omitted). In deciding a motion for summary judgment, the court must view all of the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Tyson Foods, Inc.*, 121 F.3d at 646 (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is appropriate. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### III.   DISCUSSION

Everest moves for summary judgment on Count I of the Complaint, arguing that certain Policy exclusions preclude any possibility of coverage for the Underlying State Action. To that end, and notwithstanding the stay on Counts II and III of the Complaint, Everest contends that a ruling that it has no duty to defend would also establish that it has no duty to indemnify. As explained below, the Court finds that there is no potential for coverage under the AGS Policy for Ligon's claims. Consequently, the Court holds that Everest has no duty to indemnify or defend AGS in the Underlying State Action.

A.     **The Duty to Defend Generally**

A liability insurer owes a broad duty to defend its insured against claims that "create a potential for indemnity." *Culligan v. State Compensation Ins. Fund*, 96 Cal. Rptr. 2d 656, 661 (Cal. Dist. Ct. App. 2000).[2] The insurer must therefore defend a suit which potentially seeks damages within the coverage of the policy. *Id.* Nevertheless, this duty, while broad, is not unlimited; where there is no possibility of coverage under the policy, there is no duty to defend. *See Transamerica Ins. Co. v. Superior Court*, 35 Cal. Rptr. 2d 259, 264 (Cal. Dist. Ct. App. 1994).

An insurer's duty to defend is "determined in the first instance by comparing the allegations of the complaint with the terms of the policy, but facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claims may be covered by the policy." *Id.* (citation omitted). A court should resolve all doubts as to whether facts give rise to a duty to defend in the insured's favor. *Reagen's Vacuum Truck Serv., Inc. v. Beaver Ins. Co.*, 37 Cal. Rptr. 2d 89, 93 (Cal Dist. Ct. App. 1994) (citation omitted).

Everest asserts that it has no obligation to defend AGS because Exclusions Four, Nine and Ten in Part Two of the AGS Policy preclude coverage for the Underlying State Action. After careful review, the Court agrees that Exclusion Nine applies to bar coverage.[3]

B.     **Exclusion Nine Precludes Any Potential For Indemnity Of Ligon's Claims**

As explained, *supra*, Everest issued to AGS a standard Workers Compensation and Employers' Liability Insurance Policy. The AGS Policy has two relevant grants of coverage which carry the duty to defend—workers compensation ("Part One") and employers' liability

---

[2] The parties agree that California law applies.
[3] The Court does not reach the merits of Everest's argument as to Exclusions Four and Ten.

5

("Part Two").  Under Part One of the AGS Policy, Everest agrees to pay workers compensation claims under the relevant state's workers compensation law.  Because the Underlying State Action involves Jones Act and general maritime law claims, Part One does not apply here.  Thus the only possible coverage falls under Part Two of the AGS Policy.

Part Two contains several exclusions.  Exclusion Nine bars coverage for "bodily injury to any person in work subject to . . . any . . . federal law obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendment to those laws."  *See* AGS Policy (ECF No. 49-1).  AGS does not dispute that the Jones Act and general maritime law are federal laws.  Rather, AGS argues that Ligon's status as a seaman or crewmember for Jones Act purposes is presently being litigated in the Underlying State Action.  As a result, AGS contends, this Court is "not now in a position to determine whether Ligon's work was subject to . . . any other federal law obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course and scope of employment, or any amendment to those laws."  *See* AGS Resp. at 13 (ECF No. 60).

AGS's argument is a red herring.  A Jones Act claim provides a cause of action for any "seaman" who suffers injury in the course of employment, and an employer-employee relationship is essential.  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001); *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790–91 (1949).  Similarly, under general maritime law, seamen are entitled to maintenance and cure from their employer for injuries incurred "in the service of the ship." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (quotation marks and citations omitted).  Though the right to maintenance and cure extends beyond injuries sustained while engaged in activities required by employment, the employer-

employee relationship is the necessary basis for that right. *See Aguilar v. Standard Oil Co. of N. J.*, 318 U.S. 724, 732 (1943).

Based on the foregoing, Ligon's recovery against AGS in the Underlying State Action is dependent upon a finding that she was an employee of AGS. By the very definition of the federal laws Ligon seeks to invoke, Ligon's injuries as they relate to AGS are subject to "federal law[s] obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment" or they are not compensable in the first place. Exclusion Nine thus applies and precludes any possibility of coverage for damages in the Underlying State Action. Accordingly, Everest has no duty to defend AGS as a matter of law.

Having determined that there is no potential for coverage under the AGS Policy, the Court *sua sponte* lifts the stay as to Count II of Complaint and finds as a matter of law that Everest has no duty to indemnify AGS. As to Count III of the Complaint, Ligon is ordered to show cause on or before June 10, 2016 why the Court should not lift the stay and grant summary judgment in favor of Everest.

**IV. CONCLUSION**

For the foregoing reasons, it is ordered and adjudged as follows:

1. The stay on Count II of the Complaint is hereby lifted;
2. Plaintiff Everest Reinsurance Company's Motion for Summary Judgment (ECF No. 47) is granted as to Counts I and II the Complaint; and
3. Defendant Ramona Ligon is ordered to show cause on or before June 10, 2016 why the Court should not lift the stay and grant summary judgment in favor of Everest as to Count III of the Complaint. If no response is filed, Defendant Ligon

is on notice that the Court will grant summary judgment in favor of Everest as to Count III.

The Clerk of Court is instructed to dismiss this case as to Defendant American Guard Services, Inc. The Parties' Joint Motion to Continue Trial (ECF No. 63) is denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this  28th  day of May, 2016.

*K. M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:    All counsel of record